IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| AVA GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.  CV-07-301-HU |
| v. | ) |
| | ) |
| PRAXIS PARTNERS, LLC and | ) |
| BLOCK 14 LIMITED PARTNERSHIP | ) |
| doing business as THE SITKA | ) |
| APARTMENTS, and BOWEN PROPERTY | )  FINDINGS & RECOMMENDATION |
| MANAGEMENT CO., | ) |
| | ) |
| Defendants. | ) |

Sean Hartfield
HARTFIELD LAW OFFICES PC
6021 NE Martin Luther King Jr. Blvd.
Portland, Oregon 97211-3156

    Attorney for Plaintiff

Roman Hernandez
SCHWABE, WILLIAMSON & WYATT
1211 SW Fifth Avenue, Suite 1900
Portland, Oregon 97204

    Attorney for Defendants Praxis Partners, LLC, and Block 14
    Limited Partnership

/ / /

/ / /

1 - FINDINGS & RECOMMENDATION

Richard J. Whittemore
Dain Paulson
BULLIVANT HOUSER BAILEY, P.C.
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, Oregon 97204-2089

    Attorneys for Defendant Bowen Property Management Co.

HUBEL, Magistrate Judge:

    Plaintiff Ava Green filed this discrimination action against defendants Praxis Partners, LLC, Block 14 Limited Partnership, and Bowen Property Management Company, in Multnomah County Circuit Court. Defendants timely removed the case to this Court.

    Plaintiff moves to remand the case back to state court. I recommend that the motion be denied.

## BACKGROUND

    Defendants' Notice of Removal was filed in this Court on March 1, 2007. Dkt #1. On that same date, defense counsel mailed a copy of the Notice of Removal and supporting documentation to plaintiff's counsel. Whittemore Declr. at ¶ 4; Exh. E to Whittemore Declr. (copy of cover letter). The inside address for plaintiff's counsel listed on the cover letter correctly showed "6021 NE MLK Jr. Blvd" as the mailing address. Exh. E to Whittemore Declr. Defense counsel previously had mailed correspondence to Hartfield at that address. Exh. A to Whittemore Declr. (February 1, 2007 letter from Whittemore to Hartfield).

    The certificate of service accompanying the Notice of Removal shows that on March 1, 2007, it was served on plaintiff's counsel via regular United States mail at "6021 NW MLK Jr. Blvd." (emphasis added). Plaintiff's counsel contends that the materials were misaddressed by the mistaken use of "NW" instead of "NE" preceding

2 - FINDINGS & RECOMMENDATION

"MLK Jr. Blvd." on the address label of the package. Plaintiff's counsel contends that the packet of material was not delivered to him until March 16, 2007.

This Court maintains an electronic docketing system referred to as "CM/ECF." Local Rule 100.2(a) requires lawyers admitted to the bar of this Court to be registered users of the CM/ECF system, and to maintain a current CM/ECF email account sufficient to receive service of electronic filings and court notices.

Although CM/ECF requires many court documents to be filed electronically, initiating case papers must be filed conventionally. L.R. 100.4(e)(1). The docket entry for the Notice of Removal shows that the papers were conventionally filed because the entry bears the initials "ecp" which are those of my Docket Clerk. Court filings electronically filed by counsel bear the filer's name in parentheses at the end of the docket entry.

Because the initiating case papers, e.g. the Notice of Removal and its supporting documents, were conventionally filed, defense counsel was required to perfect conventional service in any manner permitted by the Federal Rules of Civil Procedure. L.R. 100.7(b). I assume this is what counsel did in mailing the materials to plaintiff's counsel via regular United States mail, albeit with an alleged error in the address.

Although conventional service was used in this case for the Notice of Removal, the CM/ECF system nonetheless generated a "Notice of Electronic Filing." See L.R. 100.7(a). The Notice of Electronic Filing generated by the system in this case was electronically sent to all counsel: Hartfield, Hernandez, Paulson, and Whittemore, on March 2, 2007 at 1:57 p.m. Exh. C to Whittemore

3 - FINDINGS & RECOMMENDATION

Declr. The Notice included the case name and number, the party which did the filing, the document number that was filed, and the text of the docket entry which in this case reads: "Notice of Removal of Case Number 9701-00165 from Multnomah County Circuit Court. Filing Fee in amount of $350 collected. Receipt No. 14208 issued. Filed by Bowen Property Management Co. against Ava Green (ecp)[.]" Id. It also contains a message that viewing of the filed document is allowed once without charge and to avoid later charges, the viewer should download a copy of each document during first viewing. Id. The filed document is available for viewing and printing via a hyperlink provided in the Notice of Electronic filing. Id.

## STANDARDS

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) ("Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed"). Furthermore, "[a]ny civil action of which the district courts have [federal question jurisdiction] shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v.

4 - FINDINGS & RECOMMENDATION

1  Matrix (U.S.), Inc., 167 F.3d 1261, 1265 (9th Cir. 1999), overruled
2  on other grounds, Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676
3  (9th Cir. 2006).  Additionally, the defendant has the burden of
4  showing that it has complied with the procedural requirements for
5  removal.  Schwartz v. FHP Int'l Corp., 947 F. Supp. 1354, 1360 (D.
6  Ariz. 1996).
7       Remand is governed by 28 U.S.C. § 1447(c) which provides, in
8  pertinent part, that

> [a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

14 28 U.S.C. § 1447(c).

### DISCUSSION

16      The issue raised by the motion to remand is whether defendant
17 complied with its obligation to "promptly" give written notice of
18 the removal to all adverse parties as established in 28 U.S.C. §
19 1446(d).  Plaintiff argues that the Notice of Removal is "defective
20 on its face" because of the alleged error of address on the mailing
21 label of the packet sent on March 1, 2007 by defense counsel to
22 plaintiff's counsel.  Plaintiff further argues that the two-week
23 delay caused by the allegedly defective notice was unreasonable.
24 Thus, plaintiff argues, the case must be remanded to state court.
25      I disagree.  First, plaintiff provides no independent factual
26 support for the allegations contained in her counsel's memorandum
27 that the address label contained the "NW MLK Jr. Blvd" address
28 error, or that plaintiff's counsel's office received the packet on

5 - FINDINGS & RECOMMENDATION

March 16, 2007. While Federal Rule of Civil Procedure 11(b)(3) provides that by presenting factual allegations and contentions in a submission, the attorney certifies that to the best of the attorney's knowledge, information, and belief, those allegations and contentions have evidentiary support, plaintiff's counsel could have submitted as an exhibit to the motion, a copy of the address label from the packet and perhaps a date-stamped copy of the Notice of Removal received on March 16, 2007. Alternatively, plaintiff's counsel could have submitted an affidavit or declaration reciting the pertinent facts, based on personal knowledge.

Defendants dispute that the address label contained the error. Defendants, relying on declarations from staff at the Bullivant Houser Bailey law firm, describe the system maintained by Bullivant Houser Bailey for addresses of opposing counsel and how the legal assistant in this case accessed that system for the cover letter <u>and</u> the address label. No Lam Declr. at ¶¶ 3, 4; Amber Senger Declr. at ¶¶ 3, 4, 5. Because the cover letter contained the correct address for plaintiff's counsel, defendants maintain that the address label must have as well. Lam Declr. at ¶ 5; Senger Declr. at ¶¶ 5, 6. The legal assistant further describes that she manually typed the address for the certificate of service appended to the Notice of Removal filing, and she made an error in that address. Senger Declr. at ¶¶ 8, 9, 10. But, she states, the error was limited to the manually typed address in the certificate of service and was not contained in the cover letter or address label where the addresses were automatically populated into the documents from the firm's database. <u>Id.</u> at ¶¶ 5, 6, 8, 9, 11.

Given the disputed facts, it would have been prudent for

6 - FINDINGS & RECOMMENDATION

plaintiff to have submitted evidentiary support for her motion. However, for the purposes of this motion, I accept her counsel's representation that the packet mailed to plaintiff's counsel on March 1, 2007, containing the written Notice of Removal and its attachments, was misaddressed and was not delivered to plaintiff's counsel until March 16, 2007.

The question then is whether this can be considered "prompt" provision of written notice as required by section 1446(d).

The parties cite no relevant Ninth Circuit cases and I have found none. Recent cases suggest that the court should examine whether defendants made a good faith effort to give notice and whether the plaintiff suffered prejudice as a result of a failure of notice. For example, in Titan Finishes Corp. v. Spectrum Sales Group, 452 F. Supp. 2d 692 (E.D. Mich. 2006), the court found that the defendant complied with section 1446(d) when it filed its notice of removal on May 19, 2006, sent plaintiff's counsel an email and voice mail on May 22, 2006, and when plaintiff received written notice on May 23, 2006. Id. at 695-96.

The Titan court cited favorably from an earlier Eastern District of Michigan case which denied the plaintiff's motion to remand where the plaintiff received oral notice 10 calendar days after the filing of the notice of removal and written notice within 13 calendar days. Id. (citing Alpena Power Co. v. Utility Workers Un. of Am., Local 286, 674 F. Supp. 1286 (E.D. Mich. 1987)).

In a 2006 Ohio case, the court denied a motion to remand when the defendants had mailed the notice of removal to the plaintiff's attorney at the address listed in the summons, which was different than the address listed in the complaint. Alston v. Sofa Express,

7 - FINDINGS & RECOMMENDATION

Inc., No. 2:06-cv-491, 2006 WL 3331685 (S.D. Ohio 2006). The court rejected the plaintiff's argument for a strict reading of the statute and instead followed authority recognizing that when there is a good faith effort to give notice and when the plaintiff suffers no prejudice as a result of the failure to give notice, the requirements of section 1446(d) are met. Id. at *2.

The court concluded that the defendants had made a good faith effort to provide notice because although a more careful review of the summons and complaint would have revealed the conflicting addresses for plaintiff's counsel, reliance on the summons accompanying the complaint was not unreasonable. Id. at *3. Furthermore, it was plaintiff who had provided the inconsistent addresses. Additionally, as soon as the mistake was discovered, necessary steps were taken to cure the problem and provide the written notice required. Id. The court observed that plaintiff's counsel filed a *pro hac vice* motion just nine days after the notice of removal was filed and only sixteen days after the defendants were served with the summons and complaint. Id.

Other courts have reached similar conclusions. E.g., Arnold v. CSX Hotels, Inc., 212 F. Supp. 2d 634 (S.D. W. Va. 2002) (motion to remand denied when original mailing of Notice of Removal to plaintiff's counsel was inexplicably never delivered, but plaintiff's counsel learned of removal seven days later when it received a copy of defendant's answer showing the action was pending in federal court and defendant's counsel promptly mailed another copy of the notice of removal upon learning of the problem), aff'd, 112 Fed. Appx. 890 (4th Cir. 2004); Calderon v. Pathmark Stores, Inc., 101 F. Supp. 2d 246 (S.D.N.Y. 2000) (where

8 - FINDINGS & RECOMMENDATION

the delay was relatively short and no action was taken by the state court between the time of removal and the giving of notice, the defect was harmless and created no basis for remand).

The only contrary case of note is cited by plaintiff. In <u>Coletti v. Ovaltine Food Prods.</u>, 274 F. Supp. 719 (D.C.P.R. 1967), the court held that a five-day delay in receiving the written notification required by the removal statute, justified remanding the action back to state court. <u>Id.</u> at 723. I agree with defendants that <u>Coletti</u> appears to be the most strict application of the "prompt notice" rule.

Unlike the more recent cases cited above, the <u>Coletti</u> court failed to provide any basis for its decision other than to say that because the plaintiff did not promptly receive the written notification required by law, the unnecessary five-day delay in notifying the plaintiff of the filing of the petition for removal was sufficient to order the case remanded to state court. <u>Id.</u> The court's discussion assumes, without discussion, that a five-day delay was, in fact, not prompt notice. It also fails to discuss what effect or prejudice was caused by the delay.

I reject <u>Coletti</u> as the most persuasive authority and instead rely on those cases which examine the good faith of the defendant and the prejudice caused to the plaintiff. Rather than the "strict liability" type of analysis in <u>Coletti</u>, the analysis adopted by the more recent cases allows for examination of the defendant's actions, the errors sometimes created by the postal service (e.g., <u>Arnold</u>), the impact on the plaintiff, and other relevant factors.

Looking at the record in this case, I conclude that defendants acted in good faith by relying on the system described by the

9 - FINDINGS & RECOMMENDATION

Bullivant Houser Bailey employees for addressing correspondence, certificates of service, and mailing labels. If there was in fact an error in the mailing label, it occurred as a result of an innocent typographical error.

There is also no evidence of any prejudice caused to plaintiff. It is relevant to note that while plaintiff's counsel did not allegedly receive the packet of written materials in the mail until March 16, 2007, plaintiff's counsel was electronically notified of the filing on March 2, 2007, by this Court's CM/ECF system. Importantly, that electronic notification allowed plaintiff's counsel to access the filed documents immediately.

Finally, even assuming plaintiff's counsel received no notice of any kind before receiving the packet of written materials on March 16, 2007, plaintiff still had more than two weeks to file a motion to remand based on any other defect.[1] Plaintiff's original motion to remand based on the failure of defendants to promptly notify plaintiff of the filing of the Notice of Removal, was not filed until April 5, 2007.[2] Plaintiff did not contend that it was untimely due to the alleged delayed receipt of the written

---

[1] Under 28 U.S.C. § 1447(c), a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). The filing here occurred on March 1, 2007. March 31, 2007, thirty days following March 1, 2007, was a Saturday, making the deadline for any motion to remand not attacking a lack of subject matter jurisdiction, due the following Monday, April 2, 2007. Fed. R. Civ. P. 6(a).

[2] I denied that motion *sua sponte* because plaintiff failed to support the motion with a memorandum as required by Local Rule 7.1(c). Plaintiff re-filed the motion, with a supporting memorandum, on April 17, 2007.

10 - FINDINGS & RECOMMENDATION

notification of the Notice of Removal. Plaintiff offered no explanation whatsoever of why the original motion was untimely. Plaintiff still offers no evidence of any prejudice caused by any delay in receipt of the Notice of Removal. Accordingly, the motion to remand should be denied.

## CONCLUSION

Plaintiff's motion to remand (#9) should be denied.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due May 29, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due June 12, 2007, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this _____ day of _____, 2007.

_____
Dennis James Hubel
United States Magistrate Judge

11 - FINDINGS & RECOMMENDATION